UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Andy Mulholland,
   Plaintiff

   v.                                    Civil No. 08-cv-254-SM
                                         Opinion No. 2008 DNH 176
Irene Morin and State Farm Mutual
Automobile Insurance Company,
   Defendants

**O R D E R**

This case arises out of an automobile accident involving the plaintiff, Andy Mulholland, and one of the defendants, Irene Morin. According to plaintiff, he sustained personal injuries when the car he was driving was struck in the rear by a car operated by Morin.

In May of 2008, plaintiff filed a Writ of Summons in Strafford County (New Hampshire) Superior Court, in which he advanced two claims. In count one, plaintiff alleged that he suffered personal injuries as a result of Morin's negligent operation of an automobile. In count two, he alleged that Morin's insurer, State Farm, acted in bad faith and failed to honor its obligation to fully and fairly compensate him for the losses he sustained as a result of the negligence of its insured. Although he has yet to secure a judgment against Morin, plaintiff claims her insurer (State Farm) acted in bad faith by refusing to

settle his claim against Morin and/or by making an unreasonably low settlement offer.

Pending before the court is plaintiff's motion to remand this action to the state superior court. For the reasons discussed below, that motion is granted.

**Discussion**

State Farm is incorporated under the laws of, and has a principal place of business in, Illinois. But, both plaintiff and defendant Morin are citizens of New Hampshire. Accordingly, there is not complete diversity of citizenship among the parties. Nevertheless, State Farm removed the action, invoking this court's diversity jurisdiction. See 28 U.S.C. § 1332. See also 28 U.S.C. §§ 1441, 1446.

When removal is challenged, the removing party bears the burden of demonstrating that the asserted basis for removal satisfies the statutory requirements. Sirois v. Business Express, 906 F. Supp. 722, 725 (D.N.H. 1995). And, it is well established that "removal statutes are strictly construed" against removal. Danca v. Private Health Care Sys., 185 F.3d 1, 4 (1st Cir. 1999) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).

Despite the lack of complete diversity among the parties, State Farm asserts that it properly removed this proceeding because, if the court were to sever plaintiff's claims against it from plaintiff's claims against its insured, there would be complete diversity in the severed case against State Farm.  In other words, State Farm explains its removal of this proceeding as, in essence, involving two steps.  First, State Farm says it was improperly joined in plaintiff's state court suit against its insured, Morin.  See generally Fed. R. Civ. P. 20(a)(2).  Accordingly, it asks this court to sever plaintiff's claims against it from those he asserts against Morin.  Then, says State Farm, once plaintiff's claims against it are asserted in a separate proceeding, there will be complete diversity and removal will be proper (and, presumably, plaintiff's claim against Morin would be remanded to state court).  The court disagrees.

The preferred means by which to resolve the issues raised by State Farm is for it to present a motion to sever to the state court.  Because the claims plaintiff advances against both State Farm and its insured (Morin) arise under state law, the state court is in the best position to determine whether plaintiff has properly joined those claims in a single action.  If the state court concludes that State Farm is entitled to severance, State Farm could then decide whether to remove the action to this court

3

(provided, of course, it complies with the law governing removal).  See generally 28 U.S.C. § 1446(b).


Parenthetically, the court notes that the cases cited by State Farm in support of its assertion that severance is appropriate are plainly distinguishable from the case at hand. Among other things, those cases involved suits by a plaintiff against his or her own insurance carrier, seeking either uninsured motorist coverage or damages for breach of the insurer's fiduciary duty to its insured – that is, the plaintiff. See Pena v. McArthur, 889 F. Supp. 403 (E.D. Cal. 1994) (suit against uninsured negligent driver and plaintiff's own insurance carrier for uninsured motorist coverage); Beaulieu v. Concord Group Ins. Co., 208 F.R.D. 478 (D.N.H. 2002) (same); Gruening v. Sucic, 89 F.R.D. 573 (E.D. Pa. 1981) (suit against negligent driver and company that insured both plaintiff and defendant). Here, State Farm does not provide insurance coverage to plaintiff, and his claim against State Farm does not arise out of any contractual relationship between them.


**Conclusion**

The parties to this action are not diverse.  Accordingly, the court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and defendant State Farm improperly removed this

4

proceeding from state court.  Plaintiff's motion to remand (document no. 5) is, therefore, granted.  The case is hereby remanded to the Strafford County Superior Court.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 26, 2008

cc:  Brian T. Stern, Esq.
     Linda E. Fraas, Esq.
     Dennis T. Ducharme, Esq.